Betty Yuter, et al. [1] v. Commissioner. Yuter v. Commissioner
Docket Nos. 1445-64, 2681-65, 2682-65. .
United States Tax Court
T.C. Memo 1967-167; 1967 Tax Ct. Memo LEXIS 93; 26 T.C.M. (CCH) 785; T.C.M. (RIA) 67167; August 14, 1967
*93 Payments made by a husband, Harold Goldstein, to his former wife, Betty Yuter, pursuant to a decree of support of a New York court are taxable to the former wife and deductible by the husband under the reciprocal provisions of sections 71(a)(3) and 215 of the Internal Revenue Code of 1954 despite the dissolution of their marriage by a valid ex parte foreign decree of divorce obtained by the husband in Florida wherein no support provision was made for the wife. Vanderbilt v. Vanderbilt, 354 U.S. 416, and Commissioner v. Lester, 366 U.S. 299, applied. Betty Yuter, pro se, 99-12 65th Rd., Forest Hills, N. Y. Ernest C. Geiger, 521 5th Ave., New York, N. Y., for the petitioners Harold and Helen Goldstein. John B. Murray, Jr., for the respondent. ARUNDELL
Memorandum Findings of Fact and Opinion ARUNDELL, Judge: Respondent determined deficiencies in income tax and additions to tax under section 6653(a), I.R.C. 1954, as follows: Additions
Petitioner
Docket No.
Year
Deficiency
to Tax
Betty Yuter
1445-64
1960
$ 822.45
$41.12
Betty Yuter
1445-64
1961
840.33
42.02
Betty Yuter
1445-64
1962
720.42
36.02
Harold Goldstein
2681-65
1962
1,277.04
Harold & Helen Goldstein
2682-65
1960
1,586.57
Harold & Helen Goldstein
2682-65
1961
1,369.24
*94 The principal issue presented for decision is whether payments of $4,333.36, $4,103.12 and $3,554.71 made by Harold Goldstein in 1960, 1961, and 1962, respectively, to his former wife, Betty Yuter, pursuant to a decree of support of a New York court are taxable to the former wife and deductible by the husband under the reciprocal provisions of sections 71(a)(3) and 215, I.R.C. 1954, where the marriage of the parties had been dissolved some 4 years earlier by a valid ex parte foreign decree of divorce obtained by the husband in Florida where no support is provided for the wife. Pursuant to oral motion granted by the Court at the hearing, respondent in docket No. 1445-64 has filed an amendment to answer claiming, under section 6214(a), I.R.C. 1954, increased deficiencies and additions to tax for 1961 and 1962 due to the above payments for those years of $4,103.12 and $3,554.71 being in excess of the amounts of $3,908.98 and $3,380 included in petitioner's income for those years, respectively, or in the alternative to have this Court determine that petitioner is not entitled to claim as exemptions her two minor children for the years 1960 and 1961 and one of the children for 1962. Pursuant *95 to oral motion granted by the Court at the hearing, petitioners in docket Nos. 2681-65 and 2682-65 have filed amended petitions claiming, in the alternative, that in the event the Court does not disallow the deficiencies, then petitioners be allowed to amend their returns for the years 1960, 1961, and 1962 so as to claim exemptions for two minor children in 1960 and 1961 and one minor child in 1962. Findings of Fact The stipulated facts are found as stipulated. Petitioner Betty Yuter, hereinafter sometimes referred to as Betty, is an individual residing in Forest Hills, N. Y., at the time of the filing of the petition herein. She filed her Federal income tax returns for the calendar years 1960, 1961, and 1962 with the district director of internal revenue, Brooklyn District, New York. Petitioner Harold Goldstein, hereinafter sometimes referred to as Harold, is an individual, residing in Brooklyn, N. Y., at the time of the filing of the petition herein. He filed his separate Federal income tax return for the calendar year 1962 with the district director of internal revenue, Manhattan District, New York. Petitioners Harold and Helen Goldstein are individuals, husband and wife, residing *96 in Brooklyn, N. Y., at the time of the filing of the petition herein. They filed their joint Federal income tax returns for the calendar years 1960 and 1961 with the district director of internal revenue, Manhattan District, New York. Harold and Betty had been married and lived together as husband and wife prior to their divorce on December 22, 1955. After the divorce Betty dropped her married name of Betty Goldstein and resumed her maiden name of Betty Yuter. As a result of their marriage, they had two children, Dorothy May Goldstein and Jesse David Goldstein. On December 22, 1955, Harold obtained in Florida an ex parte divorce from Betty. The final decree of divorce is, in part, as follows: This cause came on to be heard this day on Plaintiff's motion, ore tenus, for Final Decree of Divorce, and it appearing unto the Court that on default a Decree Pro Confesso was entered in this cause on service by publication, counsel for the Plaintiff, his witnesses and corroborating testimony having been heard by a Special Master who has made his finding of facts, conclusions of law and recommendations herein, and the Court being otherwise fully advised in the premises, IT IS ORDERED as follows: *97 * * * 3. That the Plaintiff be, and he is hereby granted a full and complete divorce, a vinculo matrimonii, of and from the Defendant, BETTY GOLDSTEIN, and the bonds of matrimony heretofore existing between them be, and the same are hereby dissolved. 4. That this Court retain jurisdiction over this cause for the purpose of making and issuing such other and further orders herein as may pertain to the minor children of the parties hereto, to-wit, DOROTHY MAY, age thirteen years, and JESSE DAVID, age nine years, who are not presently within the jurisdiction nor before this Court, directing the Plaintiff to continue his contributions heretofore voluntarily made until further order of this Court or the appearance before the Court of the said minor children. No provisions were made in this final decree of divorce for alimony or support for Betty. Subsequent to the Florida divorce Betty instituted a proceeding against Harold in the New York Supreme Court, County of Kings, Brooklyn, N. Y. In this action she sought to have set aside by way of a declaratory judgment the Florida decree of divorce. The New York Supreme Court dismissed this cause of action. Betty also sought to have entered by *98 the Court a judgment of separation and for support. She withdrew her action for a separation but, based on a stipulation of the parties, the court awarded custody of the two minor children to Betty and an order was entered on October 28, 1959, that Harold was to pay for the support and maintenance of Betty and the two minor children the sum of $80 per week, and certain other payments as set forth in the judgment of the court, which is, in part, as follows: The above entitled action having been brought by the plaintiff for a declaratory judgment and for a judgment of separation against the defendant as set forth in the complaint herein; and the defendant having been duly personally served with the summons and verified complaint herein, and the defendant having appeared herein by * * * his attorneys, * * * and the plaintiff having appeared by her attorneys, * * * and * * * the parties having entered into a stipulation on the record, in open Court with respect to the complaint herein * * *. Now on motion of * * * attorneys for the plaintiff, it is ORDERED, ADJUDGED AND DECREED that the second and third causes of action for a separation as set forth in the complaint herein be and the same *99 are hereby withdrawn and discontinued, and it is further ORDERED, ADJUDGED AND DECREED that the first cause of action for a declaratory judgment set forth in the complaint herein be and the same hereby is dismissed on the merits, upon consent of the plaintiff, and it is further * * *
ORDERED, ADJUDGED AND DECREED that the defendant shall pay to the plaintiff as and for her support and maintenance and for support and maintenance of the two infant issue herein, the sum of Eighty ($80.00) Dollars per week * * *. In addition thereto the defendant shall pay for gas, electricity and basic telephone charges incurred at the residence of the plaintiff and the issue herein. In addition thereto, the defendant shall pay for all medical and dental expenses reasonably required by the two infant issue herein and shall further pay for all clothing resonably required by the two infant issue herein; the defendant shall be consulted and advised prior to such expenditures, when and if possible, and it is further ORDERED, ADJUDGED AND DECREED that the defendant pay to the plaintiff as and for counsel fees herein, the sum of Three Hundred Fifty ($350.00) Dollars * * * On August 11, 1961, Harold filed with *100 the Supreme Court, County of Kings, Brooklyn, N. Y., a motion for an order modifying the above judgment entered on October 28, 1959. In his motion Harold sought to have reduced the payments which he was making to his two children. His motion was granted and the Court, by its judgment dated September 5, 1961, modified its earlier judgment whereby Harold was to pay for the support and maintenance of both Betty and their minor son Jesse David Goldstein the sum of $65 rather than the previous amount of $80 per week. The latter judgment is in part as follows: The defendant, having moved this Court by order to show cause dated August 11, 1961, for an order modifying a final judgment entered herein on the 28th day of October, 1959 * * *
Now, on motion of * * * attorneys for the defendant, it is ORDERED, that the defendant's motion to modify the Judgment is granted and ORDERED, that the final judgment dated the 28th day of October, 1959 is hereby modified and shall read as follows: * * * and it is further ORDERED, ADJUDGED AND DECREED that the defendant shall pay to the plaintiff as and for her support and maintenance and for the support of the infant JESSE DAVID GOLDSTEIN the sum of Sixty-Five *101 ($65.00) Dollars per week commencing August 24, 1961 * * *. In addition thereto the defendant shall pay for gas, electricity and basic telephone charges incurred at the residence of the plaintiff and the said infant herein. In addition thereto, the defendant shall pay for all medical and dental expenses reasonably required by the said infant issue herein and shall further pay for all clothing reasonably required by the said infant issue herein; the defendant shall be consulted and advised prior to such expenditures, when and if possible, and it is further ORDERED, ADJUDGED AND DECREED that the defendant pay to the plaintiff as and for counsel fees herein, the sum of Three Hundred Fifty ($350.00) Dollars * * *
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the defendant pay to the plaintiff as and for her counsel fees herein, the sum of Twenty-Five ($25.00) Dollars * * * Pursuant to the New York Supreme Court's judgments, dated October 28, 1959, and September 5, 1961, Harold paid to Betty during the years 1960, 1961, and 1962 the sums of $4,333.36, $4,103.12 and $3,554.71, respectively. Betty did not report these amounts as taxable income in her returns for those years. Harold deducted *102 as support payments the amounts so paid for 1960 and 1961 on the joint returns filed for those years and the amount paid for 1962 on his separate return for that year. In the notice of deficiency to Betty the respondent included in her income as alimony payments received for the years 1960, 1961, and 1962 the amounts of $4,333.36, $3,908.98, and $3,380, respectively. In the notices of deficiency to the Goldsteins, the respondent disallowed the deductions taken by them for the years 1960, 1961, and 1962 in the respective amounts of $4,333.36, $4,103.12 and $3,554.71 with this explanation: Your claimed deduction of $ for support and maintenance payments per divorce decree has been disallowed. You did not establish this deduction as allowable under any of the sections of the Internal Revenue Code. In her returns for 1960 and 1961 Betty claimed an exemption of $600 for each of her two children, but in her return for 1962 she claimed an exemption for only one minor child, namely, Jesse. Harold did not claim any exemptions for the children in the returns filed for the years in question. Opinion The sections of the Internal Revenue Code of 1954 relating to the principal issue are sections 71(a) *103 and (b), 215, and 7701(a)(17). The material provisions of these sections are in the margin. [2] *104 The material provisions of the applicable income tax regulations are also in the margin. [3] *105 Although the respondent determined deficiencies against the Goldsteins by disallowing as deductions claimed by Harold in *106 the years 1960, 1961, and 1962 the amounts of $4,333.36, $4,103.12, and $3,554.71 paid by him to his former wife Betty pursuant to the New York Supreme Court's judgments dated October 28, 1959, and September 5, 1961, both Harold and the respondent now argue and contend that the said payments are taxable to Betty and deductible by Harold under the reciprocal provisions of section 71(a)(3) and 215 of the 1954 Code, supra, despite the fact that no support provision was made for Betty in connection with the dissolution of their marriage by a valid ex parte foreign decree of divorce obtained by Harold in Florida. We agree with that contention. It is true that the Florida decree did require Harold to pay for the support of his minor children and made no provision for the support of Betty. But the Florida court had no jurisdiction over Betty. Vanderbilt v. Vanderbilt, 354 U.S. 416 (1957); Estin v. Estin, 334 U.S. 541 (1948). Betty saw fit to seek redress in the New York courts. That court, while recognizing the validity of the Florida decree of divorce, nevertheless took jurisdiction to provide for the support and maintenance of Betty and by its decree of October 28, 1959, "ORDERED, ADJUDGED *107 AND DECREED that the defendant [Harold] shall pay to the plaintiff [Betty] as and for her support and maintenance and for support and maintenance of the two infant issue" (emphasis supplied) the amounts so paid. True, some part of the amount so ordered to be paid the plaintiff was "for support and maintenance of the two" infant children but the decree did not "fix" any specific amount to be paid for the support and maintenance of the children as the term "fix" is used in section 71(b), supra. See Commissioner v. Lester, 366 U.S. 299 (1961). Therefore, the entire amounts paid by Harold are includible in Betty's gross income under section 71(a)(3), supra, and deductible by Harold under section 215, supra. See also section 7701(a)(17), supra; and section 1.71-1, income tax regulations, supra. We think there is no merit in Betty's contention that the sums paid her were paid pursuant to the Florida decree of divorce. Betty was not content with that decree as it stood and sought something more to her choosing in the New York courts as was her right. Vanderbilt v. Vanderbilt, supra.The sums received by her were pursuant to the decree of the New York court. We hold, therefore, that *108 the moneys paid by Harold to Betty in the taxable years before us were income to Betty and deductible as alimony payments by Harold. The respondent's claim in docket No. 1445-64 for increased deficiencies and increased additions to tax for 1961 and 1962 is allowed. No change should be made regarding the exemptions for the children as claimed by Betty in her returns. Decisions will be entered under Rule 50. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Harold Goldstein, docket No. 2681-65, and Harold Goldstein and Helen Goldstein, docket No. 2682-65.↩
2. SEC. 71. ALIMONY AND SEPARATE MAINTENANCE PAYMENTS. (a) General Rule. - (1) Decree of divorce or separate maintenance. - If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of * * * a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation. * * *
(3) Decree for support. - If a wife is separated from her husband, the wife's gross income includes periodic payments (whether or not made at regular intervals) received by her after the date of the enactment of this title from her husband under a decree entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. This paragraph shall not apply if the husband and wife make a single return jointly. (b) Payments to Support Minor Children. - Subsection (a) shall not apply to that part of any payment which the terms of the decree, instrument, or agreement fix, in terms of an amount of money or a part of the payment, as a sum which is payable for the support of minor children of the husband. * * * [Emphasis supplied.] SEC. 215. ALIMONY, ETC., PAYMENTS. (a) General Rule. - In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. SEC. 7701. DEFINITIONS. (a) When used in this title, where not otherwise distinctly expressed or manifestly incompatible with the intent thereof - * * *
(17) Husband and wife. - As used in sections 71↩, * * * [and] 215, * * * if the husband and wife therein referred to are divorced, wherever appropriate to the meaning of such sections, the term "wife" shall be read "former wife" and the term "husband" shall be read "former husband"; * * * 3. § 1.71-1 Alimony and separate maintenance payments; income to wife or former wife. (a) In general. Section 71 provides rules for treatment in certain cases of payments in the nature of or in lieu of alimony or an allowance for support as between spouses who are divorced or separated. For convenience, the payee spouse will hereafter in this section be referred to as the "wife" and the spouse from whom she is divorced or separated as the "husband." See section 7701(a)(17). For rules relative to the deduction by the husband of periodic payments not attributable to transferred property, see section 215 and the regulations thereunder. * * * (b) Alimony or separate maintenance payments received from the husband - * * * (3) Decree for support. (i) Where the husband and wife are separated and living apart and do not file a joint income tax return for the taxable year, paragraph (3) of section 71(a)↩ requires the inclusion in the gross income of the wife of periodic payments (whether or not made at regular intervals) received by her after August 16, 1954, from her husband under any type of court order or decree * * * entered after March 1, 1954, requiring the husband to make the payments for her support or maintenance. * * *